UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-03975-SEB-MJD ) |
| ALAN H. NEW, DAVID N. KNUTH, SYNERGY INVESTMENT SERVICES, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION FOR ENTRY OF JUDGMENT BY CONSENT (DKT. 2)**

Now before the Court is the unopposed motion of Plaintiff Securities and Exchange Commission (SEC) to approve and enter judgments by consent against Defendants Alan H. New ("New"), David N. Knuth ("Knuth"), and Synergy Investment Services, LLC ("Synergy"). For the reasons given below, the motion is denied.

**Background**

On December 17, 2018, SEC filed a two-count complaint charging Defendants with selling unregistered securities in violation of 15 U.S.C. § 77e(a) and selling securities without registering as brokers or dealers in violation of 15 U.S.C. § 78o(a). Dkt. 1. The complaint alleges that New, Knuth, and their wholly owned company Synergy, without registering as brokers or dealers, sold the unregistered securities of Woodbridge Group of Companies LLC and its affiliates ("Woodbridge") to over one hundred retail investors between 2013 and 2017. Woodbridge "was actually operating a

1

massive Ponzi scheme, raising more than $1.2 billion before collapsing in December 2017 and filing for bankruptcy[,]" Compl. ¶ 3, "with more than $961 million in principal still due to investors[.]" *Id.* ¶ 24. The complaint seeks permanent injunctive relief against future violations of the statutes above cited, disgorgement, and payment of civil penalties.

On December 18, 2018, SEC filed the instant motion for entry of judgment, together with a signed consent from each Defendant and a tendered consent judgment as to each. Dkt. 2. As relevant here, the tendered judgments (identical in their material terms) provide that Defendants be enjoined from violating the above-cited statutes; the Court determine whether disgorgement or civil penalties are appropriate upon SEC's motion and after a hearing, if necessary; the signed consents be incorporated into the judgments; jurisdiction over the judgments for the purpose of enforcement be retained; and the judgments be certified as partial final judgments under Federal Rule of Civil Procedure 54(b).

## **Analysis**

As we have explained in a recent case,

> Parties may settle litigation by entry of a consent decree, consent judgment, or stipulated judgment. "A consent decree is a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A district must approve a proposed consent decree if its terms are sufficiently connected to the underlying suit and if it is otherwise fair and reasonable.
>
> In reviewing a proposed consent decree, the court begins from "the federal policy encouraging settlement." *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). Then the court "must determine whether a

> proposed decree is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate[,]" *id.*, and should be "chary" of so finding. *Id.* at 890.
>
> But a federal court is more than "'a recorder of contracts' from whom parties can purchase injunctions[.]" *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citation omitted). As the judgment of a federal court, a consent decree "is an exercise of federal power, enforceable by contempt." *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 338 (7th Cir. 1987). Predicate to the exercise of federal power, a consent decree must "(1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quotations and alterations omitted) (quoting *Local No. 93*, 478 U.S. at 525).
>
> If *Local No. 93* is satisfied, "the parties may create any obligations that are not forbidden by law." *Kasper*, 814 F.2d at 342. It is well established that such obligations may be "more than what a court would have ordered absent the settlement." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 389 (1992).

*Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 967–68 (S.D. Ind. 2017).

The relief proposed by the tendered consent judgments appears to be fair, reasonable, and adequate, and to satisfy the requirements of *Local No. 93*. We cannot enter the judgments as tendered, however, because to do so would require disregarding the Federal Rules of Civil Procedure, as explained below. And we will not *sua sponte* reform the judgments and enter them as reformed, for the judgments so entered would be

3

invalid for lack of the parties' consent in the absence of any determination on the merits. *See Local No. 93*, 478 U.S. at 521–523.

**First,** and most importantly, the tendered judgments improperly reserve the question of whether disgorgement or civil penalties shall be ordered. They are therefore not final. *Am. Interins. Exch. v. Occidental Fire & Cas. Co. of N.C.*, 835 F.2d 157, 158 (7th Cir. 1987).

The tendered judgments purport to cure this lack of finality by invoking the Court's authority to enter partial judgments under Federal Rule of Civil Procedure 54(b), but that too is improper. "Rule 54(b) allows the district court to enter a final judgment when it has resolved all claims concerning a single party, or has wrapped up a single claim with respect to all parties." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 593 (7th Cir. 1990). For the purposes of the rule, a "single claim" includes different theories of relief on a single set of facts; accordingly, Rule 54(b) cannot be used to dice up such theories for separate appeal. *Id.* at 592; *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984). Nor may Rule 54(b) be used to separate liability and damages under one theory of relief. *Horn*, 898 F.2d at 594 (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–44 (1976). *A fortiori* Rule 54(b) does not permit separation of different remedies (here, injunction on the one hand, disgorgement or penalty on the other) under one theory of relief on a single set of facts.

**Second,** the tendered judgments incorporate by reference each Defendant's signed consent. This is improper under Federal Rule of Civil Procedure 58(a). A judgment "should be a self-contained document, saying who has won and what relief has been

4

awarded, but omitting the reasons for this disposition[.]" *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994). *Also TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003). "It should not incorporate some other document . . . ." *Reytblatt v. Denton*, 812 F.2d 1042, 1044 (7th Cir. 1987).

**Third,** not improperly perhaps, but confusingly, the tendered judgments state that the Court shall retain jurisdiction for the purpose of enforcing them. "[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it." *United States v. Fisher*, 864 F.2d 434, 436 (7th Cir. 1988) (characterizing provision in consent decree retaining enforcement jurisdiction as "superfluous"). Similarly, jurisdiction is retained over a settlement agreement embodied in a consent decree or other judicial order. *See Lynch, Inc. v. SamataMason Inc.*, 279 F.2d 487, 489 (7th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380–81 (1994)). While thus not strictly improper, the superfluous retention provisions risk future confusion as to our jurisdiction—where confusion is least tolerable. *See Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 727 (7th Cir. 2011).

We expect the parties will have little difficulty curing these deficiencies and presenting revised judgments for our approval and entry.

## **Conclusion and Order**

For the reasons given above:

SEC's motion for entry of judgment by consent, Dkt. 2, is DENIED.

IT IS SO ORDERED.

Date: 2/7/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

Stephanie Lauren Grass
PAGANELLI LAW GROUP
stephanie@paganelligroup.com

Russell Koonin
U.S. SECURITIES AND EXCHANGE COMMISSION
KooninR@sec.gov

Christine Nestor
U.S. SECURITES AND EXCHANGE COMMISSION (Miami)
NestorC@sec.gov